**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LUCY CROCKETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10186** |
| **LOUISIANA CORRECTIONAL INSTITUTE FOR WOMEN, ET AL.** | **SECTION "B"(5)** |

## ORDER AND REASONS

Plaintiffs filed a motion to remand the above-captioned matter to state court. Rec. Doc. 3. Defendants timely filed an opposition. Rec. Doc. 5. The Court then ordered the parties to file supplemental memoranda relative to pre-removal service of process issues. Rec. Doc. 6. The parties timely complied. Rec. Docs. 7; 8.

For reasons discussed below,

**IT IS ORDERED** that the motion to remand (Rec. Doc. 3) is **DENIED**.

This was originally a wrongful death action brought by Lucy Crockett, daughter of decedent Vallory Crockett, in Louisiana state court on October 14, 2016.[1] *See* Rec. Doc. 1-1 at 1-8. Vallory Crockett was an inmate at the Louisiana Correctional Institute for Women from 1979 until 1983. *See id.* at 2. In May 1983, Vallory Crockett escaped from custody and was never apprehended. *See id.* Because authorities did not mount a rigorous search for Vallory

---

[1] Lucy Crocket passed away after the lawsuit was filed; her daughter, Monica Crockett, and grandchildren, Tasha Miller and William Miller, Jr., were substituted for her as Plaintiffs. *See* Rec. Doc. 1-1 at 43-46.

1

Crockett and returned her belongings to her family the day after she purportedly escaped, Vallory Crockett's family alleges that she actually died in custody.[2] *See id.* The original petition includes two negligence counts against the Louisiana Correctional Institute for Women and the Louisiana Department of Corrections. *See id.* at 1-3. All parties agree that no defendants were cited or served the original petition, which is consistent with the absence of any proof of service in the record. *See* Rec. Docs. 1 at 1; 3-1 at 2; 7 at 2-3.

On June 8, 2017, Plaintiffs amended their petition, creating on their own initiative the instant grounds for removal. *See* Rec. Doc. 1-1 at 32. In addition to the two negligence claims alleged in the original petition, Plaintiffs incorporated three new state law claims, two claims under the Fourth and Eighth Amendments to the United States Constitution, and three claims under 42 U.S.C. §§ 1983, 1985, and 1986. *See* Rec. Doc. 1-1 at 32. The amended petition also added the Louisiana Office of Risk Management as a defendant. *See id.* at 33. The motion to amend Plaintiffs' petition was served on the Louisiana Department of Justice on June 27, 2017, the Louisiana Correctional Institute for Women on June 21, 2017, the Louisiana Department of Public Safety and Corrections on June 20, 2017, and the Louisiana Office of Risk Management on June 20,

---

[2] A Louisiana state court declared Vallory Crockett legally deceased on October 16, 2015. *See* Rec. Doc. 1-1 at 15.

2

2017. *See* Rec. Docs. 1 at 2-3; 1-1 at 37-40; 7 at 3-6; 8 at 2. No citation was served on any Defendant when Plaintiffs amended their petition. *See* Rec. Doc. 8 at 2.

On Plaintiffs' motion, the Louisiana state court entered preliminary default against the Louisiana Correctional Institute for Women, Louisiana Department of Corrections, Louisiana Office of Risk Management, and Louisiana Department of Justice on September 7, 2017. *See* Rec. Doc. 1-1 at 41. The default judgments were served on the Louisiana Department of Justice on September 18, 2017, on the Office of Risk Management on September 19, 2017, and on the Louisiana Correctional Institute for Women on September 26, 2017. *See* Rec. Doc. 1-1 at 47, 48, 60. Defendants answered Plaintiffs' supplemental petition on October 2, 2017. *See id.* at 49-59.

Defendants filed a notice of removal on October 5, 2017. *See* Rec. Doc. 1. Defendants asserted that removal was proper on the basis of federal question and supplemental jurisdiction. *See id.* at 4. Defendants further maintained that removal was timely because no defendant was ever properly served. *See id.* at 3-4. On November 3, 2017, Plaintiffs moved to remand the case. *See* Rec. Doc. 3.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing

3

the place where such action is pending." 28 U.S.C. § 1441(a). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). A "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). "[I]f the case stated by the initial pleading is not removable," a defendant's time to remove begins upon "receipt . . . , through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Here, the case stated in the original petition was not removable because there was neither diversity nor a federal question. *See* Rec. Doc. 1-1 at 1-8. However, Defendants subsequently received copies of Plaintiffs' motion to amend their petition, which clearly indicate that the case is removable because of federal question jurisdiction. *See* Rec. Docs. 1 at 2-3; 1-1 at 32-40; 7 at 3-6; 8 at 2. If Defendants had been formally served with process when they received the motion to amend, the thirty-day removal clock would have started to run. *See* 28 U.S.C. § 1446(b)(3); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602,

612 (2018); *Trahant v. Metro. Prop. & Cas. Ins. Co.*, No. 00-2579, 2000 WL 1473598, at *2 (E.D. La. Oct. 3, 2000). But if Defendants had not been formally served with process when they received the motion to amend, and provided no timely record evidence of waiver of service, the removal clock would not have started to run because "a defendant's right to removal runs from the date on which it is formally served with process." *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros.*, 526 U.S. at 347-48). "A defendant has no obligation to appear in court or defend an action *before* it is formally served with process directing it to appear before that forum." *Id.* (citing *Murphy Bros.*, 526 U.S. at 347-48). Because Defendants received Plaintiffs' motion to amend in June 2017, and were therefore on notice that the case was removable, the relevant question at this juncture is when, if ever, Defendants were formally served with process.

When assessing whether removal was timely, the questions of if and when service occurred are questions of state law.[3] *See*

---

[3] Defendants argue that it would be improper to remand on the basis that Defendants' notice of removal was untimely because Plaintiffs did not raise that argument in their motion to remand. *See* Rec. Doc. 7 at 14. But the Fifth Circuit has confronted exactly this question and reached the opposite conclusion. *See Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283-85 (5th Cir. 2004). As long as a motion for remand is filed within thirty days of the notice of removal being filed, a district court can remand because of an untimely notice of removal even if plaintiff does not advance that argument. *See id.* Given that four state entities were on notice of Plaintiffs' claims under federal law and the United States constitution for over two months before the notice of removal was filed, it is prudent for the Court to determine when service was perfected.

5

*Thompson*, 775 F.3d at 304. In Louisiana, it is generally true that "[c]itation and service thereof are essential in all civil actions . . . [;] [w]ithout them all proceedings are absolutely null." La. Code. Civ. Proc. art. 1201. A citation is a document, signed by the clerk of the issuing Louisiana state court, containing the following information:

> (1) The date of issuance; (2) The title of the cause; (3) The name of the person to whom it is addressed; (4) The title and location of the court issuing it; and (5) A statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the [specified] delay . . . under penalty of default.

La. Code. Civ. Proc. Art. 1202. When served, the citation "must be accompanied by a certified copy of the petition . . . ." *Id.*

Two statutes provide more specific guidance about service in cases like this one where a plaintiff brings a tort claim against the state or a state department. *See* La. Stat. §§ 13:5107, 39:1538. Section 1538 requires that "process" "be served upon the head of the department concerned, the office of risk management, and the attorney general." Section 5107 requires "citation and service" on the Louisiana attorney general or director of the state department being sued. *See* La. Stat. § 39:1538(A); *Whitely v. State ex rel Bd. of Supervisors*, 2011-0040, pp. 5-13 (La. 7/1/11); 66 So. 3d 470, 473-79; *Burnett v. James Constr. Grp.*, 2010-2608, pp. 2-5 (La. 7/1/11); 66 So. 3d 482, 483-85. Section 5107 also states that

6

a plaintiff must request service of citation on the attorney general within ninety days of filing suit and the state department being sued is not required to file responsive pleadings until it has actually been served. *See* La. Stat. § 39:1538(A)(2), (D).

Plaintiffs never fully perfected service under Louisiana state law. But contrary to Defendants' repeated assertions, Plaintiffs did not err by serving process on incorrect entities. *See Whitely*, 66 So. 3d at 473-79. Plaintiffs served the motion to amend their petition on the state departments being sued (the Louisiana Correctional Institute for Women and the Louisiana Department of Safety and Corrections), the Louisiana attorney general, and the Louisiana Office of Risk Management. *See* Rec. Doc. 1-1 at 37-40. Instead, as Plaintiffs acknowledge in their supplemental memorandum, the problem is that no defendant was served a citation for the initial or amended petitions. *See* Rec. Doc. 8 at 2. Absent service of citation, service was not perfected. *See* La. Code. Civ. Proc. art. 1201; *Scullin v. Prudential Ins. Co.*, 421 So. 2d 470, 472 (La. Ct. App. 1982) (holding that service had not been perfected because defendant was never served a citation even though defendant had "actual knowledge" of the lawsuit from service of "supplemental and amending petition" that incorporated the original petition). But for above legal authorities, we would have considered the date of Defendants'

undisputed notice that suit was filed, yet unserved, as the start date of the removal clock.

Therefore, the thirty day removal clock never started to run. *See Thompson*, 775 F.3d at 304-05; *In re Oil Spill*, MDL No. 2179, 2012 WL 4753418, at *2 (E.D. La. Oct. 4, 2012) (holding that thirty-day removal clock only starts when defendant has been "served with the citation *and* the attached petition." (emphasis added)). As a result, Defendants' notice of removal was timely. *See Thompson*, 775 F.3d at 304-05 (holding that removal was timely even though defendant filed notice of removal eight months after complaint was filed, and six months after default judgment was entered against defendant, because defendant was never properly served).

Turning now to the issues raised in Plaintiffs' motion to remand, the question becomes whether the Court has subject matter jurisdiction over the removed claims.[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, the Court has original federal question jurisdiction over Plaintiffs' claims under the Fourth and Eighth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983, 1985, and 1986. However, the Court does not have federal

---

[4] All defendants joined in the notice of removal, *see* Rec. Doc. 1, so the unanimity requirement is satisfied. *See* 28 U.S.C. § 1446(b)(2)(A).

question jurisdiction over the five state law claims in Plaintiffs' amended petition. For those claims, the Court must rely on supplemental jurisdiction.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy when they "derive from a common nucleus of operative fact" and a court "would ordinarily be expected to try them all in one judicial proceeding . . . ." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Even when a district court could exercise supplemental jurisdiction over a state law claim, it "may decline to" do so when "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates . . . , (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Plaintiffs' state and federal claims all pertain to the alleged death of Vallory Crockett while in state custody and therefore the Court has supplemental jurisdiction over the state law claims. *See, e.g.*, *Hall v. City of Alexandria*, 111 F. Supp. 2d

785, 786-88 (W.D. La. 2000). The state negligence claims and federal civil rights and constitutional claims involve common issues of fact that can and should be adjudicated at the same time. Plaintiffs' arguments to the contrary are unavailing.[5] Because the state law claims fall within the Court's supplemental jurisdiction, they should not be severed and remanded. *Cf.* 28 U.S.C. § 1441(c). Nor does the mere existence of Louisiana's *forum non conveniens* statute prevent this Court from exercising jurisdiction consistent with Congressional mandate and the United States Constitution. *See* La. Code Civ. Proc. art. 123. Nor does the Eleventh Amendment pose a barrier to the Court's jurisdiction when the state defendants join in removal. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 623-24 (2002). Finally, Plaintiffs' state law claims do not predominate because the federal civil rights and constitutional claims are substantial, not "only an appendage[;]" the state negligence claims do not "substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought . . . ." *United Disaster Response, LLC v. Omni Pinnacle, LLC*, 569 F. Supp. 2d 658, 666-67 (E.D. La. 2008) (quoting *Gibbs*, 383 U.S. at 726-27).

New Orleans, Louisiana, this 12th day of March, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Plaintiffs' passing request for Rule 11 sanctions is formally and substantively deficient. *See* Fed. R. Civ. P. 11.