UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUCY CROCKETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10186** |
| **LOUISIANA CORRECTIONAL INSTITUTE FOR WOMEN, ET AL.** | **SECTION "B"(5)** |

### ORDER AND REASONS

Defendants have filed two motions. The first seeks dismissal of Plaintiffs' case for failure to state a claim. Rec. Doc. 11. The second seeks, in the alternative, to transfer the above-captioned matter to the United States District Court for the Middle District of Louisiana. Rec. Doc. 12. After the motions were submitted, Plaintiffs filed two opposition memoranda, which will be considered in the interest of justice. Rec. Docs. 17, 18.

For the reasons discussed below, and in further consideration of findings made during hearing with oral argument,

**IT IS ORDERED** that the motion to dismiss (Rec. Doc. 11) is **GRANTED,** dismissing Plaintiffs' claims against Defendants;

**IT IS FURTHER ORDERED** that the motion to transfer venue (Rec. Doc. 12) is **DISMISSED AS MOOT.**

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Vallory Crockett was an inmate at the Louisiana Correctional Institute for Women from 1979 until 1983. *See* Rec. Doc. 1-1 at 2. In May 1983, Vallory Crockett allegedly escaped from custody and was never apprehended. *See id.* Because authorities did not mount

1

a rigorous search for Vallory Crockett and returned her belongings to her family the day after she purportedly escaped, Plaintiffs claim that she actually died in custody. *See id.* On October 16, 2015, a Louisiana state court entered an order declaring Vallory Crockett legally deceased. *See id.* at 15.

Lucy Crockett, daughter of decedent Vallory Crockett, filed a wrongful death action in Louisiana state court on October 14, 2016. *See id.* at 1-8. Lucy Crocket subsequently passed away; her daughter, Monica Crockett, and grandchildren, Tasha Miller and William Miller, Jr., were substituted as Plaintiffs. *See id.* at 43-46. On June 8, 2017, Plaintiffs amended their petition to incorporate claims arising under federal law. *See id.* at 32. Defendants removed the case to federal court and now seek to dismiss the case for failure to state a claim or, in the alternative, to transfer the case to the United States District Court for the Middle District of Louisiana.[1] *See* Rec. Docs. 11, 12.

**LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 12(b)(6), "[a] claim will not be dismissed unless the plaintiff[s] cannot prove any set of facts in support of [their] claim that would entitle [them] to relief." *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243,

---

[1] Plaintiffs previously moved to remand the case to state court. *See* Rec. Doc. 3. The motion to remand was denied because Defendants' notice of removal was timely and the Court has subject matter jurisdiction over Plaintiffs' claims. *See* Rec. Doc. 9.

2

249 (5th Cir. 2017). When analyzing a motion under Rule 12(b)(6), courts "take all factual allegations as true and construe the facts in the light most favorable to the plaintiff[s]." *Id.* "[D]ismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense[] [when] that defense . . . appear[s] on the face of the complaint." *Id.* Failure to comply with the applicable statute of limitations is an affirmative defense that can merit dismissal under Rule 12(b)(6). *See Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366-71 (5th Cir. 1994); *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997).

Plaintiffs' claims are subject to a one year statute of limitations that began to run no later than 1993. Plaintiffs' pleadings mention various provisions of state law, but the only state law claim actually alleged is for the wrongful death of Vallory Crockett.[2] *See* Rec. Doc. 1-1 at 1 (explaining that

---

[2] Plaintiff cites various other provisions of Louisiana law, but none give rise to an independent claim. All are subsidiary to the wrongful death claim. The first two counts sound in negligence, *see* Rec. Doc. 1-1 at 3, but negligence is simply one way for a plaintiff in a wrongful death action to show fault. *See* La. Civ. Code art. 2315.2(A). A survival action, which would have sought damages for the injuries suffered by Vallory Crockett, is distinct. *See* La. Civ. Code art. 2315.1(A); *Watkins v. Exxon Mobil Corp.*, 2013-1545, p. 7 (La. 5/7/14); 145 So. 3d 237, 241. At no point do Plaintiffs claim that they themselves were victims of Defendants' alleged negligence, other than through the wrongful death action. Plaintiffs also assert a claim under Louisiana Civil Code Article 2320, *see* Rec. Doc. 1-1 at 32, but that article simply states that employers can be held vicariously liable for the actions of their employees. Article 2320 does not create a claim that is separate and distinct from the wrongful death claim. *See Wright v. Louisiana-Pacific Corp.*, 27,544, pp. 2-3 (La. App. 2 Cir. 11/1/95); 662 So. 2d 853, 855 (same prescriptive period applied to claims under articles 2315 and 2320 because liability under article 2320 is derivative of the action under article 2315). Similarly, Plaintiffs allege a claim against

3

Plaintiffs are Vallory Crockett's "wrongful death beneficiar[ies]"); *id.* at 3 (alleging that Defendants caused Vallory Crockett's death); *id.* at 33 (same). Under Louisiana Law, a wrongful death claim "prescribes one year from the death of the deceased." La. Civ. Code art. 2315.2.

Plaintiffs' federal claims under 42 U.S.C. §§ 1983 and 1985 borrow the one year prescriptive period from Plaintiffs' wrongful death claim. *See Heath v. Bd. of Supervisors*, 850 F.3d 731, 739-40 (5th Cir. 2017) ("The statute of limitations for section 1983 is supplied by state law, so Louisiana's one year prescriptive period applies."); *Burge v. Par. of St. Tammany*, 996 F.2d 786, 787-88 (5th Cir. 1993) (applying Louisiana's one year prescriptive period to plaintiff's claim under 42 U.S.C. § 1985). Plaintiff's claim under 42 U.S.C. § 1986 is also subject to a one year prescriptive period because "no action under [42 U.S.C. § 1986] shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. In Louisiana, a wrongful death claim accrues when the decedent passes away. *See Anderson v. Avondale Indus., Inc.*, 2000-2799, pp. 3-5 (La. 10/16/01); 798 So. 2d 93, 97-98. Therefore, Plaintiffs were

---

Defendants under "Louisiana Revised Statute 13:5101," *see* Rec. Doc. 1-1 at 32, but that provision merely sets out various procedural rules for suits against the State of Louisiana, its agencies, and political subdivisions. *See* La. Rev. Stat. §§ 13:5101-5113; *Fecke v. Bd. of Supervisors*, 2015-1806, p. 8 (La. 9/23/16); 217 So. 3d 237, 244.

4

required to bring their claims within one year of Vallory Crockett's death.

As a result, the critical question is, when did Vallory Crockett die? Plaintiffs assert that Vallory Crockett disappeared in May 1983 and has never been heard from again. *See* Rec. Doc. 1-1 at 2. Vallory Crocket was declared legally deceased on October 16, 2015, but the Louisiana state court did not determine a date of death. *See id.* at 15. Under current Louisiana law, "[o]ne who has been an absent person for five years is presumed to be dead." La. Civ. Code art. 54. From 1978 to 1990, the presumption of death only arose after ten years of absence. *See Ledet v. La. Dep't of Health & Human Servs.*, 465 So. 2d 98, 100 (La. Ct. App. 1985). Therefore, the presumption that Vallory Crockett was deceased arose no later than 1993, which would therefore be Vallory Crockett's date of death.[3] *See In re Boyd*, 723 So. 2d 1107, 1110 (La. App. 1 Cir. 12/28/98)(holding that decedent's "legal death occurred five years" after her disappearance, when the presumption of death arose per Louisiana Civil Code article 54). Plaintiffs did not file suit until October 14, 2016. *See* Rec. Doc. 1-1 at 1-8. Because Plaintiffs filed suit more than one year after

---

[3] The parties offer no basis for using the date that the Louisiana state court issued its order declaring Vallory Crockett deceased as the date of Vallory Crockett's death. The presumption of death arose decades before Plaintiffs sought a declaration that Vallory Crockett was deceased; Plaintiffs were not diligent in asserting their rights. Any other outcome would allow Plaintiffs to unfairly evade Louisiana's prescriptive period for a wrongful death action, as well as the analogous statute of limitations for related federal claims.

5

Vallory Crockett's death, Plaintiffs' claims are prescribed on their face.

When a complaint on its face indicates that the prescriptive period has elapsed, it is the plaintiff's burden to show that his claims are not prescribed. *See Glasgow v. PAR Minerals Corp.*, 2010-2011, p. 5 (La. 5/10/11); 70 So. 3d 765, 768. In their opposition memorandum, Plaintiffs assert that their claims are still viable under theories of equitable estoppel, equitable tolling, and contra non valentem.[4] *See* Rec. Doc. 18 at 7-11. But Plaintiffs' memorandum offers no analysis about why any of these theories excuse Plaintiffs' failure to prosecute their claims for over thirty years.

"The doctrines of equitable tolling and equitable estoppel remain available to those plaintiffs who, through no fault of their own, might otherwise be barred from bringing a claim by operation of a statute of limitations." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 368 (5th Cir. 2003). Similarly, "[c]ontra non valentem can be applied where the cause of action is neither known nor reasonably knowable by the plaintiffs even though the plaintiff's ignorance is not induced by the defendant." *Watters v. Dep't of Soc. Servs.*, 2077-1174, p. 17 (La. App. 4 Cir. 3/14/12); 102 So. 3d 118, 131.

---

[4] Plaintiffs also mention spoliation of evidence and argue that a plaintiff can bring a tort claim for negligent or intentional spoliation of evidence. *See* Rec. Doc. 18 at 9-10. But Plaintiffs have brought no such claim in this case. *See* Rec. Doc. 1-1 at 1-7, 32-36.

But none of these doctrines is applicable because Plaintiffs offer no plausible explanation for why they did not bring their claims prior to the expiration of the prescriptive period.

Plaintiffs' claims rely on facts that have been in Plaintiffs' possession since 1983. Plaintiffs allege that Defendants notified them of Vallory Crockett's purported escape in May 1983; that Defendants searched for Vallory Crockett at her home in May 1983; that Defendants called Plaintiffs to collect Vallory Crockett's belongings in May 1983; and that in May or June 1983 Plaintiffs received a phone call from an unknown inmate at the Louisiana Correctional Institute for Women claiming that Vallory Crockett had been killed by Defendants. *See* Rec. Doc. 1-1 at 1-3, 9-11.

Despite having these facts at hand, Plaintiffs themselves, through no fault of their counsel, waited over thirty years to seek redress and begin discovery. "The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof." *Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 2001-1646, p. 5 (La. 2/26/02);

809 So. 2d 947, 951. Plaintiffs' own cursory attempts to excuse decades of inaction by them do not suffice; Plaintiffs have not carried their burden of showing that their claims are not prescribed on their face.  Compare in another context *Lord v. Metropolitan Life Insurance Co.*, 434 So.2d 1179 (La. App. 1 Cir. 1983) (Statutory presumption of death after an absence of ten years was concerned with rights of heirs, not with coverage under group life policy, and did not provide basis for suspending ten-year statutory prescription on suit by beneficiary of absent employee to recover proceeds of group life policy, despite contention that cause of action did not manifest itself with sufficient certainty to be susceptible of proof in a court of law until ten years after the employee's disappearance. LSA-C.C. arts. 70, 3544.) To avoid unfair albeit lawful results, generally and in the context of tortuous conduct especially wrongful death claims, legislative wisdom should consider a prescriptive period for such claims by heirs of an absentee that commences on the date of judgment of presumed death of an absentee.

New Orleans, Louisiana, this 6th day of July, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE